UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

      DEAN J. SMITH,                         Case No. 13-21573-dob
                                           Chapter 7 Proceeding
          Debtor.                       Hon. Daniel S. Opperman

_____/

DEAN J. SMITH,

      Plaintiff,

v.                                          Adv. Pro. No. 14-02134-dob

AUTO-OWNERS INSURANCE COMPANY
and COUNTY OF MIDLAND,

      Defendants.

_____/

## OPINION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### BACKGROUND FACTS AND PROCEDURAL HISTORY

Dean Smith ("Plaintiff") and Angela Seidel were involved in a road rage incident. That incident eventually led to the Plaintiff entering a no contest plea to an assault charge, resulting in the Midland County Circuit Court entering a restitution order against him.

The factual basis for the incident was taken from the preliminary hearing transcript which was incorporated into the Plaintiff's plea hearing. In August of 2012, the Plaintiff and Ms. Seidel were driving in Midland County, and a series of driving maneuvers from both parties led to both drivers pulling over to the side of the road. The Plaintiff got out of his vehicle and yelled at Ms. Seidel, who then got out of her vehicle and stood behind the Plaintiff's vehicle in an attempt to write down his license plate number. The Plaintiff then shoved Ms. Seidel and got back into his car. Ms.

1

Seidel remained standing behind the car and the Plaintiff "put it in reverse and gassed it." The tire of the Plaintiff's vehicle ran over Ms. Seidel's foot, the bumper hit her in the knee, and she was knocked to the ground. Ms. Seidel suffered numerous injuries as a result of this incident, including back and neck injuries, which ultimately required surgery to correct.

The Plaintiff entered a no contest plea to an assault charge and he was eventually sentenced to sixty days in jail and was ordered to pay fines totaling $680.00, which the Plaintiff paid. The $680.00 fine is not in issue in this case. The Midland County Circuit Court held a restitution hearing on February 25, 2013. At that hearing, Plaintiff's counsel argued that a restitution award was not appropriate because the Plaintiff had pleaded no contest to a misdemeanor assault (shoving Ms. Seidel) and that he did not plead guilty to the felonious assault charge (striking her with his car), which was ultimately dismissed when the no contest plea was entered. The court disagreed with that argument and concluded that Ms. Seidel's injuries had been caused by the Plaintiff's course of conduct, and that, pursuant to MCL 780.766, the court was required to order him to pay restitution. The court found that Ms. Seidel had incurred $76,427 in medical expenses and that her no-fault insurer, Auto Owners Insurance Company ("Auto Owners"), had paid for a portion of those expenses. A restitution order was entered directing the Plaintiff to pay restitution of $76,427.00 to Auto Owners and Ms. Seidel. That order was later amended to direct the Plaintiff to pay $67,335.52 to Auto Owners.

The Plaintiff filed his Chapter 7 bankruptcy petition on June 5, 2013. The Plaintiff listed Ms. Seidel, Auto Owners, and the 42nd Circuit Court for Midland County as creditors. None of those creditors filed an adversary proceeding to object to the Plaintiff's discharge by the September 9, 2013, deadline. The Plaintiff received a discharge on September 10, 2013, and the case was closed on September 13, 2013. On November 7, 2014, the Plaintiff filed a Motion to Reopen his bankruptcy

case and the Court entered an Order to Reopen Bankruptcy Case. On November 13, 2014, the Plaintiff filed a Motion for Violation of Automatic Stay. The Court held a hearing on that Motion, and, on December 18, 2014, the Court determined that the Motion should be treated as an adversary complaint and the Responses should be treated as answers. The Court entered an Order Directing the Clerk of the Court to Open an Adversary Proceeding on December 19, 2014.

On December 22, 2014, this adversary proceeding was opened. The Plaintiff's complaint sought a determination that the restitution award constitutes a dischargeable debt and that it was discharged in his bankruptcy case. The Answers filed by Auto Owners and the County of Midland assert that the restitution award is nondischargeable debt pursuant to 11 U.S.C. § 523(a)(7).

On April 2, 2015, Auto Owners filed a Motion for Summary Judgment. The County of Midland filed a Statement of Concurrence in that Motion for Summary Judgment on April 16, 2015. The Plaintiff filed a Corrected Response to the Defendants' Motion on April 24, 2015.

The Court held a hearing on Auto Owner's Motion for Summary Judgment on June 4, 2015, and it set a deadline for the filing of optional post-hearing briefs and took the matter under advisement. Auto Owners filed a Second Supplemental Brief on June 18, 2015.


<u>JURISDICTION</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## APPLICABLE LAW

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

### B. 11 U.S.C. § 523(a)(7)

Section 523 provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...

Thus, for a debt to fall within the sections provisions, three requirements must be satisfied:

> (1) it must be 'for a fine, penalty, or forfeiture'; (2) it must be 'payable to and for the benefit of a governmental unit'; and (3) it must not be 'compensation for actual pecuniary loss.'

*In re Hollis*, 810 F.2d 106, 108 (6th Cir. 1987).

### C. <u>M.C.L.A. 780.766</u>

M.C.L.A. 780.766 provides:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section.

### <u>DISCUSSION</u>

The Plaintiff argues that 11 U.S.C. § 523(a)(7) is inapplicable in this case because: (1) the restitution order was for the benefit of Ms. Seidel and/or Auto Owners and not for the benefit of a governmental unit, and (2) the restitution order was compensation for actual pecuniary loss. The Defendants argue that in *Kelly v. Robinson*, 479 U.S. 36 (1986), the Supreme Court broadly interpreted § 523(a)(7) to apply in cases like this one.

In *Kelly v. Robinson*, the United States Supreme Court examined the dischargeability of a state court criminal restitution order under § 523(a)(7). In that case, the debtor pleaded guilty to larceny in the second degree, based on her wrongful receipt of state welfare benefits. As a condition of her probation, the judge ordered her to make restitution to the State of Connecticut Office of Adult Probation. The Supreme Court held that § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." The Court examined the language of § 523(a)(7) in light of the treatment historically afforded to criminal restitution claims and the

5

federalism concerns that had prompted such treatment. The Court explained: "Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* at 47.

In finding that the criminal restitution award satisfied the requisite elements to be within section 523(a)(7), the *Kelly* Court noted:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for . . . compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

*Kelly*, 479 U.S. at 53. However, in finding that the restitution orders operate for the benefit of the state, the Court noted that "the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant." *Id.* at 52. Also, the Court noted that the restitution clause forming the basis of the restitution did "not require imposition of restitution in the amount of the harm caused. Instead, it provide[d] for a flexible remedy tailored to the defendant's situation." *Id.* at 53.

In the years since the *Kelly* decision, various courts have struggled with its broad construction of Section 523(a)(7) and sought to construe its holding narrowly.

One such case is the Sixth Circuit Court of Appeals' decision in *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006). *Hughes* involved a nondischargeability action stemming from a civil default judgment for legal malpractice that resulted in an order that the judgment debtor pay restitution to the individual victim. Though the restitution was civil, the court deemed it to be punitive in nature. The court ultimately found the debt to be outside the scope of § 523(a)(7), stating:

6

we must determine whether the judgment set out in the complaint is "payable to and for the benefit of a governmental unit" and whether it is compensation for actual pecuniary loss. The answers to those questions are clear. The judgment is payable to Hughes, who is not a governmental unit, and it is in an amount calculated to compensate Hughes for the damage he incurred as a result of [the offender's] malpractice.

*Hughes,* 469 F.3d at 477. The *Hughes* Court found the default judgment was outside of 523(a)(7) because it was payable to the plaintiff, not a governmental unit, and was in an amount calculated to compensate for actual loss. *Id.* at 479. The *Hughes* Court declined to extend the Supreme Court's *Kelly* decision to the facts before it, holding "that *Kelly* applies narrowly to criminal restitution payable to a governmental unit." *Id.* at 478.

Although *Hughes* is factually distinguishable from this case, because it involved a civil restitution order rather than a criminal restitution order, the Sixth Circuit Court of Appeals cited a case with facts similar to those in this case in support of its findings, *In re Rashid*, 210 F.3d 201 (3d Cir. 2000). In *Rashid*, the debtor was convicted by a federal jury on fifty-four counts, including mail fraud, wire fraud, and money laundering, which stemmed from his operation of a fraudulent commercial loan operation. He was sentenced to 168 months incarceration, assessed $2,700.00 in fees, and fined $15,000.00. It was determined that his fraud cost his victims $11,696,470.00 and the sentencing court ordered him to pay criminal restitution in that amount. The court found that the ordered restitution was not within § 523(a)(7) because it was not payable to a governmental unit. *In re Rashid*, 210 F.3d 201, 208 (3d Cir. 2000), *superseded by statute on other grounds*. The court reasoned that the "word 'payable' clearly casts an economic light over the phrase that suggests that the benefit must be conferred from the monetary value of the debt to be paid by the defendant and not the more abstract benefit of criminal deterrence." *Id*. The court stated: "Although the record is unclear whether Rashid's restitution obligations were to be directly paid to his victims or were to

pass through a governmental unit before reaching the victims, it is clear that the benefit – the money – is ultimately payable to the victims." *Id.*

The Plaintiff also cites *In re Reyes*, 496 B.R. 449 (Bankr. E.D. Mich. 2013) (J. Shapero) in support of his position. In *Reyes*, the defendants pled guilty to Embezzlement from a Vulnerable Adult in a state court proceeding and were ordered to pay restitution. The Court analyzed the *Kelly* and *Hughes* decisions and stated:

> This Court is bound by what appears to be the Sixth Circuit's interpretation of *Kelly* but also agrees with its analysis. As such, *Kelly* should be interpreted narrowly, and further, necessary elements of § 523(a)(7) are negated if either (a) the penalty is payable to the individual victim, who is not a governmental unit; or (b) the penalty is strictly calculated in the sum of the victim's incurred damages. Another Court in this District has applied *Hughes* in a similar fashion. *See In re Stasson*, 472 B.R. 748 (Bankr. E.D. Mich. 2012). This Court concludes and believes that (a) it should construe the provision in question literally; (b) doing so is in accord with the language of the provision itself and with normal rules of statutory construction, and as such, is consistent with, and called for by, the decision in *Hughes*; and (c) the broad language in *Kelly* seems to go materially and unnecessarily beyond its specific facts, and to that extent at least, may well be seen as dicta, not to be inappropriately applied to the materially different fact patterns of *Hughes* and the present matter.

*Reyes*, 496 B.R. at 454. The court concluded that, although the restitution was initially payable to a governmental unit, the payments were ultimately payable to the victim, and thus were not within the confines of § 523(a)(7). *Id.* ("Furthermore, in this Court's view, even if the restitution is payable to the victim through a governmental unit acting in essence as but a conduit to, and collection agent for the victim, the focus should be on the ultimate destination of the restitution.") The court also concluded that the restitution ordered was compensation for the actual pecuniary loss. *Id.* at 455-56.

After reviewing the applicable case law, the Court concludes that, although *Hughes* is factually distinguishable, it is still applicable and instructive. As noted, the *Hughes* court relied on

*Rashid* in its analysis and the facts in *Rashid* are very similar to those in this case. This Court follows the more narrow view of § 523(a)(7) as articulated in those cases.

In this case, the restitution is payable to the Midland County Circuit Court, but the payments are ultimately paid over to Auto Owners. The Amended Restitution Order specifically stated that the restitution would be payable to Auto Owners. Therefore, the Court concludes that the restitution payments were not payable to and for the benefit of a governmental unit.

Moreover, the state court's decision to impose restitution clearly turned on the victim's injury. A reading of the transcript indicates that the state court judge ordered restitution specifically so Ms. Seidel would not be out of pocket one penny for her medical expenses. In fact, the restitution ordered by the court was in the exact amount necessary to cover Ms. Seidel's medical expenses associated with the incident. The fact that the amount of restitution was exactly the same as the amount of the actual damages sustained by Ms. Seidel strongly suggests that the payment was meant to compensate the victim and was not purely penal in nature. There was no indication that the state court considered the situation of the Plaintiff or his ability to pay restitution. In fact, M.C.L.A. 780.766(2) directs the state court consider only the amount needed to make full restitution to any victim. The state court did exactly that in this case because the Michigan statute directed as much. In contrast, however, the Connecticut statute in *Kelly* directed the state court to require a criminal defendant to:

> "make restitution of the fruits of his offense or make restitution, in an amount he can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance."

*Kelly*, 479 U.S. at 52.
 The *Kelly* court notes the difference:

> This clause does not require imposition of restitution in the amount of the harm caused. Instead, it provides for a flexible remedy tailored to the defendant's situation.

9

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State.

*Kelly*, 479 U.S. at 53. There is also very little evidence of any penal or rehabilitative interest of the State in this case. The only benefit to the state this Court could conjure is that the insurance premiums would not be increased for a pool of insureds if Auto Owners is able to collect this restitution award.

As stated in *Kelly*, restitution orders that focus on the State's interest in rehabilitation and punishment are excepted from discharge. Conversely, those restitution orders that are assessed for the compensation of victims are not excepted from discharge. Therefore, the Court concludes that the payments were for compensation for actual pecuniary loss. Accordingly, the Court must conclude that the restitution payments are not within the confines of § 523(a)(7).

## CONCLUSION

The Court concludes that justice requires that the Defendants' Motion for Summary Judgment be denied. Counsel for the Plaintiff is directed to prepare and submit an order consistent with this Opinion and consistent with the procedural rules of this Court.

.

Signed on July 24, 2015

                                   /s/ Daniel S. Opperman
                                Daniel S. Opperman
                                United States Bankruptcy Judge